UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN L. GRADY,

        Plaintiff,

v.                                             5:07-CV-0735 (GTS/GJD)

RELIABLE TIRE CO.,

        Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

JOHN J. GRADY
  Plaintiff, *Pro Se*
122 Remington Avenue
Syracuse, NY 13210

RYAN & SMALLACOMBE, PLLC               AMANDA R. STERN, ESQ.
  Counsel for Defendant                       CLAUDIA A. RYAN, ESQ.
100 State Street, Suite 800
Albany, NY 12207

GLENN T. SUDDABY, United States District Judge

## ORDER TO SHOW CAUSE

Currently before the Court in this *pro se* employment discrimination action is Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 30.) Plaintiff has not opposed the motion. For the reasons set forth below, Defendant's motion is conditionally granted, and Plaintiff is directed to show cause (within 10 days of the date of this Order) as to why his Complaint should not be dismissed for failure to prosecute.

I.   **RELEVANT LEGAL STANDARD**

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the Court. *Id.*

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution. *Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1 (2d Cir. Sept. 18, 2008) [citation omitted]. The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner*, 2008 WL 4280070, at *1-2 [citation omitted]. As a general rule, no single one of these five factors is dispositive. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citation omitted].

It should be noted that, as the Second Circuit has held, the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

## II.   ANALYSIS

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendant's motion to dismiss was properly filed, Plaintiff has failed to oppose it, and Plaintiff has failed to show good cause why his failure to oppose Defendant's motion should not be deemed as consent to the granting of the motion. (*See generally* Docket Sheet.) Therefore, the Court must determine whether Defendant has met its burden to "demonstrate entitlement to dismissal" under Fed. R. Civ. P. 41(b). *See also* Fed. R. Civ. P. 7(b)(1)(B) (requiring motions to, *inter alia*, "state with particularity the grounds for seeking the order").

An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss. Specifically, under such an analysis, the movant's burden has appropriately been characterized as "modest."[1] This is because, as a practical matter, the burden requires only

---

[1] *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord, Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *see also Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.)

that the movant present an argument that is "facially meritorious."[2]

Here, for the reasons stated in Defendant's motional papers,[3] the Court finds that Defendant has met its lightened burden of persuading the Court that Plaintiff's Complaint should be dismissed, although the Court finds that the dismissal should be conditional under the circumstances.

---

(applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[2]   *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *accord, Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[3]   It is worth noting that this Court has, on numerous occasions, granted motions to dismiss based on a similar facial analysis of a defendant's legal arguments. *See, e.g., Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Local Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 96-CV-1269, 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.); *Munoz v. Coombe*, 95-CV-1191, 1996 U.S. Dist. LEXIS 15107, at *3 (N.D.N.Y. Aug. 21, 1996) (Hurd, M.J.), *adopted by* 95-CV-1191, 1996 U.S. Dist. LEXIS 15108, at *2 (N.D.N.Y. Oct. 11, 1996) (Pooler, J.) (rejecting plaintiff's objections, explaining that "Local Rule 7.1(b) permits the court to grant an unopposed motion"); *Owens v. Long*, 95-CV-0604, 1996 U.S. Dist. LEXIS 6520, at *2 (N.D.N.Y. March 11, 1996) (Hurd, M.J.), *adopted by* 95-CV-0604, 1996 U.S. Dist. LEXIS 4807 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.).

More specifically, with regard to the first of the five factors described above in Part I of this Order to Show Cause, the Court finds that the duration of Plaintiff's failure to diligently prosecute this action is some ten months. More specifically, Plaintiff failed to appear at the Court's Rule 16 conference on December 6, 2007. (*See* Docket Entry for 12/6/07.) Plaintiff failed to notify the Court in writing by December 22, 2007, as to why he failed to appear at the conference. (Dkt. Nos. 16, 17.) After Plaintiff did so notify the Court on February 2, 2008, and the Court rescheduled the Rule 16 conference, Plaintiff requested (and was granted) an adjournment of that rescheduled conference. (Dkt. Nos. 18-23.) After the conference was again rescheduled, Plaintiff did not participate in the filing of a civil case management plan ten days before that conference, resulting in the cancellation of that conference. (Dkt. Nos. 24-25.) After Defendant moved for dismissal due to Plaintiff's aforementioned failures, Plaintiff failed to respond to that motion. (*See generally* Docket Sheet.) Moreover, during this entire period of time, Plaintiff failed to respond to Defendant's discovery requests. (Dkt. No. 30, Part 2, ¶¶ 9-15, 25 [Stern Affid.]; Dkt. No. 30, Part 2, at 25-46, 57-62 [Exs. C, H and I to Stern Affid.].) Courts have rather routinely found that failures to prosecute of less than ten months in duration have been sufficient to weigh in favor of dismissal.[4] As a result, the Court finds that the first factor

---

[4] *See Hayes v. Brown*, 04-CV-2342, 2006 WL 2009084, at *2 (E.D.N.Y. July 17, 2006) (nine months); *McNamee v. Schoharie County Jail*, 06-CV-1364, 2008 WL 686796, at *11 (N.D.N.Y. March 10, 2008) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Edwards v. Selsky*, 04-CV-1054, 2007 WL 78442, at *5-6 (N.D.N.Y. March 6, 2007) (Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Bhalla v. JP Morgan Chase & Co.*, 03-CV-6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) (eight months); *Coleman v. Doe*, 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) (seven months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months); N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). (*See also* Dkt. No. 30, Part 3, at 5-6 [Def.'s Memo. of Law] [collecting cases].)

weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the second factor, the Court finds that Plaintiff has *repeatedly* received adequate notice that his failure to diligently prosecute this action would result in dismissal. (*See* Dkt. No. 3, at 43 [indicating that, on 7/13/07, Plaintiff was sent copy of the N.D.N.Y. *Pro Se* Handbook, page 43 of which notifies *pro se* plaintiffs of consequences of failure to prosecute]; Dkt. No. 16 [Order filed 12/11/07]; Dkt. No. 17 [Order filed 1/28/08]; Dkt. No. 28 [Order filed 7/16/08].)[5] *See also* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(d)(1)(A)(i). As a result, the Court finds that the second favor weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the third factor, the Court finds, based on the current record, that Defendant is likely to be prejudiced by further delay in the proceedings. In addition to having spent time and money to defend itself in this action, Defendant has been waiting to depose, and receive discovery responses from, Plaintiff since approximately January 27, 2008. (Dkt. No. 30, Part 2, ¶¶ 9-15, 25 [Stern Affid.]; Dkt. No. 30, Part 2, at 25-46, 57-62 [Exs. C, H and I to Stern Affid.].) The discovery period in this action closed on August 30, 2008. (Dkt. No. 15, at 2 [Uniform Pretrial Scheduling Order filed 12/10/07].) The bulk of events giving rise to the claims in this action appear to have occurred between approximately November of 2004 and May of 2006. (Dkt. No. 1, ¶ 8 [Plf.'s Compl.].) Under the circumstances, the Court finds that a further delay in these proceedings will likely prejudice Defendant. For example, such a delay will

---

[5] The Court notes that, in addition, Defendant's own motion papers (Dkt. No. 30, Part 3, at 1-11 [Defs.' Memo. of Law]) provided such notice to Plaintiff. *Goros v. Cent. Office Review Comm.*, 03-CV-0407, 2006 WL 2794415, at *5, n.24 (N.D.N.Y.) (Sharpe, J.); *see also Woolfolk v. Thomas*, 725 F. Supp. 1281, 1285 (N.D.N.Y. 1989) (Munson, J.) (dismissing complaint without prejudice insofar as it named one defendant where plaintiff received notice of that defendant's inadequate-service argument through other defendants' motion papers) [citations omitted].

increase the likelihood that there will be a diminishment of witnesses' memories, the ability to locate witnesses, and the preservation of evidence.[6] As a result, the Court finds that the third favor weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the fourth factor, the Court finds that, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. The Court is fully aware of Plaintiff's right to be heard on the employment discrimination claims he has presented. However, the Court is also aware that (1) Plaintiff has already had an opportunity to be heard for more than fifteen months in this case (which was filed on July 12, 2007), and (2) the special solicitude that the Court has afforded Plaintiff as a *pro se* litigant has only effectively worked to prolong this inactive case. (*See, e.g.*, Dkt. Nos. 3, 4, 16, 17, 19, 22.) For example, despite the fact that this case is more than fifteen months old, no discovery has yet taken place in the case due to Plaintiff's demonstrated unwillingness to litigate. As a result, the Court finds that the fourth favor weighs in favor of the dismissal of Plaintiff's Complaint.

With regard to the fifth factor, the Court has carefully considered sanctions less drastic than dismissal of Plaintiff's Complaint. The only sanction that the Court suspects might be effective (in prompting Plaintiff to diligently litigate this action) would be giving Plaintiff ten (10) days from the date of this Order to show cause as to why his Complaint should not be dismissed for failure to prosecute. The Court is somewhat doubtful that this sanction would be

---

[6] *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

effective given the fact that none of the Court's previous Orders giving Plaintiff extensions of time and/or warning Plaintiff of the consequences for failure to prosecute has been effective in prompting Plaintiff to litigate this action. (*See* Dkt. Nos. 16, 17, 19, 22, 28.) To the contrary, Plaintiff has demonstrated a rather persistent unwillingness to engage in the litigation of this action (e.g., by failing to participate in the framing of pretrial deadlines, failing to participate in discovery, failing to oppose Defendant's motion, etc.). The only two brief excuses that Plaintiff has offered for his failure to prosecute–feeling "intimated" by defense counsel, and having commitments at work during the week days–do not excuse his refusal to respond to Defendant's discovery requests or oppose Defendant's motion. (*See* Dkt. Nos. 18, 21.) In any event, out of special solicitude to Plaintiff, the Court will afford him one final opportunity to be heard as to why his case should not be dismissed due to his failure to prosecute.

**ACCORDINGLY**, for the reasons stated above, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant (Dkt. No. 30) is conditionally **GRANTED**; and it is further

**ORDERED** that Plaintiff shall, within **TEN (10)** of the date of this Order, file with the Court papers showing cause as to why his Complaint should not be dismissed for failure to prosecute; and it is further

**ORDERED** that, upon the filing of such papers by Plaintiff, the file in this matter shall be returned to the Court for further review; and it is further

**ORDERED** that, if Plaintiff fails to show such cause within ten (10) days of the date of this Order, the Clerk of the Court shall enter judgment **DISMISSING** Plaintiff's Complaint without further Order or notice from the Court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular mail.

Dated: October 20, 2008
      Syracuse, New York

GLENN T. SUDDABY
U.S. District Judge